IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KYLE O'BRIEN, ) | |
|     Plaintiff, ) | |
|     v. ) | Case No. 15-cv-02055-CSB-DGB |
| CITY OF CHAMPAIGN; CHAMPAIGN ) | |
| POLICE OFFICERS JEFFREY PICKETT, Star ) | |
| #7729, JEDIDIAH MACKEY, Star #706; ) | |
| SIGMA ALPHA EPSILON FRATERNITY, an ) | |
| Illinois Not-For-Profit Company; and RICKY ) | |
| EYESTONE, ) | |
|     Defendants. ) | |

**SIGMA ALPHA EPSILON AND RICKY EYESTONE'S MOTION
TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants Sigma Alpha Epsilon Fraternity ("SAE") and Ricky Eyestone ("Eyestone") (collectively "Defendants") move to dismiss the Amended Complaint filed by Plaintiff Kyle O'Brien ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support thereof, state:

1. Plaintiff's Amended Complaint contains the following causes of action against Defendants: (i) Count I against Eyestone for excessive force under Section 1983; (ii) Count II against Eyestone for conspiracy to deprive constitutional rights under Section 1983; (iii) Count V against Eyestone for malicious prosecution; (iv) Count VI against Eyestone for conspiracy to commit battery; and, (v) Count VII against SAE for "respondeat superior."

2. As more fully set forth in Defendants' Memorandum in Support of Their Motion to Dismiss Plaintiff's Amended Complaint, which is contemporaneously filed herewith, Counts I, II, V, VI, and VII do not plead claims against Defendants upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6).

3. Counts I and II under Section 1983 should be dismissed because Plaintiff cannot sue Eyestone for purely private conduct.

1

4. Count V for malicious prosecution should be dismissed because, among other reasons set forth in the Memorandum, Plaintiff pleads himself out of court, as he admits in his Amended Complaint that he accepted a guilty plea on a lesser misdemeanor charge in exchange for dismissal of a felony charge.

5. Count VI for conspiracy to commit battery should be dismissed because Plaintiff fails to allege either an agreement or a proper claim for battery.

6. Count VII for "respondeat superior" should be dismissed because there is no such liability under Section 1983 and because Plaintiff fails to sufficiently allege the factors requisite for the doctrine of respondeat superior to apply.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff's Amended Complaint as against them and grant them any further relief this Court deems equitable and just.

August 13, 2015

Respectfully submitted,
Sigma Alpha Epsilon Fraternity and
Ricky Eyestone

By: /s/ William T. "Toby" Eveland
Arnstein & Lehr LLP
120 S. Riverside Plaza, Suite 1200
Chicago, Illinois 60606
(312) 876-7100; wteveland@arnstein.com
Attorney No. 6284790
Responsible Attorneys:
William T. "Toby" Eveland
Christopher S. Naveja
Elizabeth A. Thompson

112598818.1

## CERTIFICATE OF SERVICE

William T. "Toby" Eveland, an attorney, certifies that on August 13, 2015, he electronically filed **Defendants Sigma Alpha Epsilon and Ricky Eyestone's Motion to Dismiss Plaintiff's Amended Complaint** with the Clerk of Court using the CM/ECF system, which sent notification of such filing to all parties of record.

/s/ William T. "Toby" Eveland
Arnstein & Lehr LLP
120 S. Riverside Plaza, Suite 1200
Chicago, Illinois 60606
(312) 876-7100; wteveland@arnstein.com
Attorney No. 6284790
Responsible Attorneys:
   William T. "Toby" Eveland
   Christopher S. Naveja
   Elizabeth A. Thompson