IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KYLE O'BRIEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case   No.   15-cv-02055-CSB-DGB |
| | ) | |
| CITY OF CHAMPAIGN; CHAMPAIGN | ) | |
| POLICE OFFICERS JEFFREY PICKETT, Star | ) | |
| #7729, JEDIDIAH MACKEY, STAR #706; | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION *IN LIMINE* TO BAR ARGUMENT THAT OFFICER TRAINING EQUATES WITH REASONABLENESS UNDER THE 4TH AMENDMENT**

NOW COMES the Plaintiff, KYLE O'BRIEN, by and through one of his attorneys, and hereby moves *in limine* to bar argument that the officers' training equates with reasonableness under the 4th Amendment. In support thereof, Plaintiff state as follows:

In trial yesterday, the defendants attempted to intimate that their training authorized the use of force in this case.  The Seventh Circuit held in *Thompson v. City of Chicago*, 472 F.3d 454 (7th Cir. 2006), that training and policies regarding the use of force are immaterial and irrelevant in excessive force cases under Rule 401 of the Federal Rules of Evidence.  The court reasoned orders and policies are irrelevant because they do not advance the inquiry into whether officers used reasonable force under the 4th Amendment.  *Id*.

The court held that general orders, policies, and training cannot be used to establish a false measure of reasonable force.  "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices." Thompson, 472 F. 3d at 454 (quoting Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir. 2003)); see also Pasiewicz v. Lake County Forest Preserve Dist., 270 F.3d 520, 526 (7th Cir. 2001); Soller v. Moore, 84 F.3d 964, 969 (7th Cir. 1996).  The court also referenced the Supreme Court's decision in Whren v. United States, 517 U.S.

806 (1996), which held that because police orders and regulations differ by time and place, they are not a "reliable gauge" of objective reasonableness.  Rather, permitting the defendants to offer evidence of the training they received and using that training to measure the use of force shifts the standard away from the Fourth Amendment's general reasonableness requirement and unfairly confuses the jurors about the standard of reasonableness. .

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiffs' Motions In Limine, and for any such other and further relief as this Court deems appropriate.


By: _____s/ Jared Kosoglad_____

One of his Attorneys


Jared S. Kosoglad
Jared S. Kosoglad, P.C.
223 W. Jackson, Suite 200
Chicago, IL 60606
312-513-6000
jared@jaredlaw.com

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that this Motion was served on all parties of record via this Court's electronic filing system.

By: _____s/ Jared Kosoglad_____

One of his Attorneys